IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER SANTOS, | : |
| Plaintiff, | : |
| | : CASE NO: _____ |
| FREDERICK J. HANNA & ASSOCIATES, P.C., | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT

COMES NOW, Jennifer Santos ("Ms. Santos"), Plaintiff herein, by and through her undersigned counsel of record, and hereby files and serves this Complaint against Frederick J. Hanna & Associates, P.C. ("Defendant") and shows this Court as follows:

## NATURE AND PURPOSE

1.

This is a lawsuit brought due to gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and to seek redress for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

1

## THE PARTIES

2.

Ms. Santos is an individual residing in Fulton County, Georgia at all relevant times she was an employee of Defendant as defined under Title VII and an eligible employee of Defendant as defined under the Family and Medical Leave Act.

3.

Defendant is a domestic company with over 500 employees, which is authorized to and does transact business in Georgia. Defendant may properly be served with process through its registered agent Frederick J. Hanna at 2253 Northwest Parkway, Marietta, Cobb County, Georgia 30067. At all relevant times, Defendant was the employer of Plaintiff, as defined by Title VII and the Family and Medical Leave Act.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction of this matter, inter alia, pursuant to 28 U.S.C. §§1331 and 1343. The unlawful employment practices alleged herein occurred within the geographic area encompassed by the Atlanta Division of the Northern District of Georgia. Thus, under 28 U.S.C. §§ 90(a), 1391(b) & 1393(a), the Atlanta

Division of the United States District Court for the Northern District of Georgia is a proper venue for this suit.

## STATEMENT OF FACTS

5.

Ms. Santos working at Defendant as an Account Manager beginning on November 19, 2012 until her termination on January 15, 2014, which was effective January 17, 2014.

6.

Plaintiff told her supervisor in late February or early March that she was pregnant.

7.

Plaintiff delivered her baby on October 11, 2013 and was granted maternity leave.

8.

Plaintiff became eligible for 12 weeks of FMLA leave beginning November 19, 2013.

9.

Plaintiff was terminated prior to the expiration of her FMLA leave, the same day that she asked to return to work, which was prior to the February 11, 2014 expiration of her FMLA leave, counting the twelve weeks from her first date of FMLA eligibility.

10.

Plaintiff was told that she was being fired due to lack of work.

11.

Defendant Hanna has a high turnover and therefore could absorb any work reduction simply by not filling existing jobs.

12.

Defendant Hanna had actually replaced Plaintiff during her pregnancy related FMLA leave.

13.

At the time Ms. Santos was hired, there were six Account Managers in the Litigation department.

14.

During her employment, Christie Connors was brought in from another Department as an Account Manager, after Ms. Santos had been hired, to replace Sheena Bryant, who had resigned.

15.

After Plaintiff's termination, Plaintiff learned that Defendant had rehired an Account Manager, Christie Corbitt, who had quit in December of 2013.

16.

Ms. Bryant returned to work in as an Account Manager in May or June of 2014, notwithstanding Respondent's claim that it was laying people off.

17.

Sheena Bryant, who resigned from her position as Account Manager a few months prior to Plaintiff's maternity leave, returned to employment with Defendant in a position in Client Services, while Plaintiff was on leave.

18.

On information and belief, Defendant hired additional employees both during Ms. Santos leave and after her termination.

19.

Defendant has not identified the reason that Ms. Santos was selected to be laid off, as opposed to other, non-pregnant, employees in her same position or classification or in a position or classification for which she was qualified.

20.

Further, other similarly situated employees were transferred when their positions were reclassified or eliminated, but Ms. Santos was not given that opportunity.

21.

Plaintiff has continually looked for comparable employment since her termination, to no avail.

22.

All conditions precedent to the filing of this action, including filing a Charge of Discrimination, receipt of a Notice of Right to Sue, and filing this action within 90 days of the receipt thereof, have been completed, performed, and/or waived.

## CLAIMS FOR RELIEF

## COUNT ONE: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

23.

Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

24.

Defendant discriminated against Plaintiff based upon her gender, female, including her pregnancy, in violation of Title VII.

25.

Defendant's termination of Plaintiff and the accompanying loss of salary and benefits were the direct result of the aforementioned sexual discrimination.

26.

As a direct and proximate result of the above-described unlawful employment practices, Ms. Santos has suffered and continues to suffer the indignity of sexual discrimination, the invasion of the right to be free from sexual discrimination, humiliation, emotional pain, mental distress, inconvenience and mental anguish, thereby entitling her to compensatory damages for these injuries.

27.

Defendant's conduct, as alleged herein, was with malice or with a reckless indifference to Ms. Santos' federally protected right to be free from sexual discrimination in violation of Title VII and consequently, Ms. Santos is entitled to punitive damages.

28.

Ms. Santos is entitled to attorneys' and witness' fees, costs, and expenses of litigation pursuant to Title VII.

29.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

## COUNT TWO: VIOLATION OF FMLA

30.

Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

31.

Defendant denied Plaintiff reinstatement to a substantially equivalent position upon her request to return to work, instead terminating her, thus interfering with her rights protected by the FMLA. Defendant's actions cost Plaintiff back wages, health and other benefits, as well as the entitlement to continued employment.

32.

Defendant further retaliated against Plaintiff because of her request for and use of FMLA, by terminating her reemployment, in violation of the FMLA. Defendant's actions cost Plaintiff back wages, health and other benefits, as well as the entitlement to continued employment.

33.

Plaintiff is entitled to recover her lost wages, liquidated damages, and attorneys' fees, costs, and expenses of litigation.

34.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Santos prays as follows:

(a) That this Court declare and adjudge Defendant to have engaged in unlawful employment practices in violation of Title VII and FMLA;

(b) That this Court enjoin Defendant permanently from engaging in unlawful employment practices in violation of Title VII and FMLA;

(c) That Ms. Santos have judgment against Defendant on all counts, in an amount to be determined at trial;

(d) That Ms. Santos be awarded injunctive relief of reinstatement, with restoration of all benefits, perquisites, and emoluments of employment; be awarded full back pay, liquidated damages, compensatory damages, and punitive damages from Defendant;

(e) That Ms. Santos recover her attorneys' fees and costs from Defendant incurred in bringing this action;

(f) That a jury trial be had as to all issues in this Complaint; and

(g) For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this day, April 16, 2015.

        By:   /s Matthew C. Billips
               Matthew C. Billips
               Georgia Bar No. 057110
               3101 Towercreek Parkway
               Suite 190
               Atlanta, GA  30339
               (770) 859-0751 (telephone)
               (770) 859-0752 (facsimile)
               billips@bandblawyers.com

               ATTORNEYS FOR PLAINTIFFS